**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GREGORY CUCCHIARA,

                                        Plaintiff,

          v.                                                                9:18-CV-0182
                                                                            (GLS/CFH)

C.O. DUMONT[1],

                                        Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

Gregory Cucchiara
16-A-0922
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff pro se

Attorney General for the                      RYAN L. ABEL, ESQ.
State of New York                             Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

     Plaintiff pro se Gregory Cucchiara ("Cucchiara"), an inmate who was, at all relevant

times, in the custody of the New York Department of Corrections and Community

---

     [1]     Dumont is the only remaining Defendant in this matter.  Therefore, the caption includes only Dumont.

     [2] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 against

Defendant C.O. Dumont ("Defendant" or "Dumont") for violations of his rights under the

Eighth Amendment.  Dkt. No. 2 ("Compl.").  Presently before the Court is Defendant's

motion for summary judgment.  Dkt. No. 34.  Cucchiara opposed the motion, and

Defendant submitted a reply.  Dkt. Nos. 36, 37.  For the following reasons, it is

recommended that Defendant's motion for summary judgment be granted.

## I. Background

## A. Facts

In support of the motion, Defendant filed a Statement of Material Facts.[3]  See Dkt.

No. 34-1.  The facts are reviewed in the light most favorable to Cucchiara as the

non-moving party.  See subsection II (A) infra.  At the time of the incident described in

the Complaint, Cucchiara was confined at Great Meadow Correctional Facility ("Great

---

[3] Local Rule 7.1(a)(3) states:

> Summary Judgment Motions
>
> Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits.
>
> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

N.D.N.Y. L.R.  7.1(a)(3).

Meadow C.F."). See generally, Compl.

Plaintiff alleges that on February 26, 2017, he and Defendant were involved in a use of force incident. Compl. at 4. At approximately 6:00 p.m., as plaintiff was leaving the mess hall to return to his housing block, an officer ordered him to place his hands on the wall of the rotunda. Id.; Dkt. No. 34-3 at 49-53. Cucchiara complied and Defendant searched his pockets. Dkt. No. 34-3 at 53, 63. Defendant removed an empty medicine bottle from Cucchiara's right pocket. Id. at 53, 58-59. When Cucchiara yelled out, Defendant punched him in the back of his head. Id. at 53. Defendant continued to punch Cucchiara and "slammed" him to the floor. Id.; Compl. at 4. Another officer arrived and kicked Cucchiara's hip while Defendant continued to "beat" his ribs. Dkt. No. 34-3 at 53-54; Compl. at 4. As a result of the incident, Cucchiara suffered injuries to his left hip. Compl. at 4; Dkt. No. 34-3 at 32.

In April 2017, Cucchiara was transferred out of Great Meadow C.F. Dkt. No. 34-5 at ¶ 10; Dkt. No. 34-7 at ¶ 12.

## B. Procedural History

On January 19, 2018, the United States District Court for the Southern District of New York ("Southern District") received the Complaint in the within action.[4] Dkt. No. 2. By Order filed on January 24, 2018, Chief United States District Judge Colleen McMahon of the Southern District transferred this action to the Northern District of New York ("Northern District"). Dkt. No. 4 ("Transfer Order"). On review of the Complaint,

---

[4]    Cucchiara was confined at Auburn Correctional Facility at the time he filed the Complaint.

the Court directed Defendant to respond to the Eighth Amendment claim.  Dkt. No. 12.

On May 3, 2018, Defendant filed an Answer to the Complaint.[5]  Dkt. No. 17.  On

November 30, 2018, Cucchiara appeared at a deposition.  Dkt. No. 34-3.  On March 13,

2019, Defendant filed the within motion pursuant to Fed. R. Civ. P. 56 seeking

judgment as a matter of law with respect to Cucchiara's Eighth Amendment claim.  Dkt.

No. 24.


## II. Discussion[6]

### A. Legal Standards

### 1. Motion for Summary Judgment

"A court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a).  The moving party has the burden of showing the absence

of disputed material facts by providing the Court with portions of "pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any," which support the motion.  FED. R. CIV. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it may affect the outcome of the

case as determined by substantive law, such that "a reasonable jury could return a

verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[5]    In the Answer, Defendant pleaded, inter alia, the affirmative defense that Cucchiara failed to exhaust his administrative remedies.  Dkt. No. 17 at ¶ 14.

[6]  All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

(1986). "In determining whether summary judgment is appropriate, [the Court will] resolve all ambiguities and draw all reasonable inferences against the moving party." Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

To avoid summary judgment, a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Carey v. Crescenzi, 923 F.2d 18, 19 (2d Cir. 1991) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (internal quotation marks omitted). A non-moving party must support such assertions by evidence showing the existence of a genuine issue of material fact. See id. "When no rational jury could find in favor of the non-moving party because the evidence to support is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Services, Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally," . . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537

5

F.3d 185, 191-92 (2d Cir. 2008).

## 2. N.D.N.Y. Local Rule 7.1(a)(3)

Local Rule 7.1(a)(3) requires a party moving for summary judgment to file and serve a Statement of Material Facts. See N.D.N.Y. L.R. 7.1(a)(3). "The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." Id. The opposing party is required to file a response to the Statement of Material facts "admitting and/or denying each of the movant's assertions in matching numbered paragraphs." Id. "The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." Id. (emphasis omitted).

In response to Defendant's motion, plaintiff filed a one-page letter that failed to respond to Defendant's Statement of Material Facts. Dkt. No. 36. Defendant argues that because plaintiff has failed to file a response to his Statement of Material Facts, the facts set forth therein must be deemed admitted. Dkt. No. 37 at 4. The undersigned is not required to "perform an independent review of the record to find proof of a factual dispute." Prestopnik v. Whelan, 253 F. Supp 2d 369, 371 (N.D.N.Y. 2003) (concluding that the "plaintiff's suggestion that the transcript and videotape of the [incident] be reviewed to identify support for her Statement of Material Facts Not in Dispute does not cure her failure to comply with Rule 7.1(a)(3).").  Although the defendant argues, and the Local Rules provide, that the Court shall deem admitted any facts the nonmoving party fails to "specifically controvert," pro se plaintiffs are afforded special solicitude in this District and within the Second Circuit. N.D.N.Y. L.R. 7.1(a)(3); Dkt. No. 37 at 6;

6

see subsection II.A. supra.

Even in the absence of a response, Defendant is entitled to judgment only if the material facts demonstrate his entitlement to judgment as a matter of law. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); FED. R. CIV. P. 56( c). A copy of Cucchiara's deposition transcript was annexed as an exhibit to Defendant's motion. Dkt. No. 34-3. Additionally, the undersigned notes that "[a] verified complaint is to be treated as an affidavit . . . and therefore will be considered in determining whether material issues of fact exist . . . ." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted). Here, Cucchiara's Complaint was properly verified by declaration under 28 U.S.C. § 1746. Compl. at 10; see LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 65-66 (2d Cir. 1999) (holding that use of the language "under penalty of perjury" substantially complies with 28 U.S.C. §1746). As such, the facts set forth in Defendant's Rule 7.1 Statement of Material Facts are accepted as true to the extent that they are not disputed by Cucchiara's sworn deposition testimony or facts set forth in the verified Complaint. N.D.N.Y .L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis omitted).

## B. Exhaustion

Defendant contends that the motion for summary judgment must be granted because Cucchiara failed to exhaust his administrative remedies through available grievance procedures. See Dkt. No. 34. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him or her

before bringing an action for claims arising out of his or her incarceration.  <u>See</u> <u>Porter v.</u> <u>Nussle</u>, 534 U.S. 516, 524 (2002); <u>see</u> <u>also</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 82 (2006).  The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  <u>Porter</u>, 534 U.S. at 532.  Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages.  <u>Id.</u> at 524.  To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated.  <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) (internal citation omitted).

Although the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply."  <u>Ruggiero v. Cty. of Orange</u>, 467 F.3d 170, 175 (2d Cir. 2006) (citation omitted).  The Supreme Court recently held that "[c]ourts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement."  <u>Ross v. Blake</u>, __ U.S. __,136 S. Ct. 1850, 1862 (2016).  Thus, the "special circumstances" exception in <u>Hemphill v. New York</u>, 680 F.3d 680, 686 (2d Cir. 2004) is no longer consistent with the statutory requirements of the PLRA.  <u>Williams v. Priatno</u>, 829 F.3d 118, 123 (2d Cir. 2016).[7]

Although <u>Ross</u> eliminates the "special circumstances" exception, courts must still consider the PLRA's "textual exception to mandatory exhaustion."  <u>Ross</u>, 136 S. Ct. at

---

[7] In <u>Williams v. Priatno</u>, the Second Circuit debated <u>Ross</u>'s effect on <u>Hemphill</u>'s estoppel exception.  <u>See</u> <u>Williams</u>, 829 F.3d at 123.  The <u>Williams</u> Court stated that "<u>Ross</u> largely supplants our <u>Hemphill</u> inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate."  <u>Id.</u> (citing <u>Ross</u>, 136 S. Ct. at 1858-59).

1858.  Under this exception, courts must determine whether administrative remedies were "available" to a prisoner.  Id.  The Supreme Court identified three circumstances where administrative remedies may be unavailable to a prisoner.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  Id. at 1859 (citing Booth v. Churner, 532 U.S. 731, 736, 738 (2001)).  "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use."  Id.  Lastly, administrative remedies are unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Id. at 1860.

If it is found that the plaintiff has not exhausted all available administrative remedies, his or her case should be dismissed without prejudice.  See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec's. Dealers, Inc., 560 F.3d 118, 124 (2d Cir. 2009) (citation omitted).  Since "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw," and "[i]f the time permitted for pursuing administrative remedies has not expired, a prisoner . . . can cure the defect by exhausting [the available remedies] and reinstating his suit." Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2004) (quoting Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999)).

## 1. Did Plaintiff Exhaust his Administrative Remedies?[8]

In support of the motion for summary judgment, Defendant provided the

Declaration of Shelley Mallozzi ("Mallozzi"), the Director of the Inmate Grievance

Program ("IGP") for DOCCS.  Dkt. No. 34-5.  Mallozzi avers that "[a]n allegation of

excessive force may be the subject for the three step grievance process[.]"  Dkt. No.

34-5 at ¶ 8.  Mallozzi reviewed Central Office Review Committee ("CORC") records for

determinations upon grievance appeals brought by Cucchiara and found no grievance

appeals from 2017 to the present.  Id. at ¶ 9.  Defendant also submitted the Declaration

of Alexandra Mead ("Mead"), the IGP Supervisor at Great Meadow C.F.  Dkt. No. 34-7.

Mead reviewed Great Meadow C.F. records and found no grievances filed by Cucchiara

related to allegations of excessive force on or around February 26, 2017.  Id. at ¶ 13.

Cucchiara testified that he did not file a grievance related to the incident.[9]  Dkt. No.

34-3 at 84.  During the deposition Cucchiara was asked the following questions and

gave the following responses:

> Q.     Did you file a grievance with respect to this incident at

---

[8] First, the inmate must file a complaint with an inmate grievance program ("IGP") clerk within twenty-one days of the alleged incident.  N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(a)(1).  An IGP representative has sixteen calendar days to informally resolve the issue.  Id. § 701.5(b)(1).  If no informal resolution occurs, the IGRC must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing.  Id. §§ 701.5(b)(2)(i)-(ii).  If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination.  Id. § 701.5(c)(1).  If the superintendent's determination is unfavorable, the inmate may appeal to CORC within seven days after receipt of the superintendent's determination.  Id. §§ 701.5(d)(i)-(ii).  CORC must "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate], the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received."  Id. § 701.5(d)(3)(ii).  Parties do not dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program.  N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5.

[9]      In the Complaint, Cucchiara claims that he filed a grievance at Auburn C.F. related to religious claims.  Compl. at 6-7.  The record does not indicate when this grievance was filed and Cucchiara does not allege that the grievance addressed the 2017 use of force incident.

| | | issue here? |
|---|---|---|
| | A. | No.  all - - all I did was - - was say that they beat me up for nothing, that's it. |
| | Q. | Who did you say that to? |
| | A. | Sergeant Boiling, I think. |

Dkt. No. 34-3 at 84.

| | Q. | Okay.  So you never filed anything in writing regarding this prior to commencing the lawsuit itself? |
|---|---|---|
| | A. | I told a whole bunch of people.  I told - - I told - - there's a - - |
| | Q. | Okay. |
| | A. | - - a mental counsel - - counselor or you see some type of shrink or something like that.  His - - his name - - his name is Ford - - |

Dkt. No. 34-3 at 86.

In opposition to Defendant's motion, Cucchiara provided a submission that is at odds with his deposition testimony.  To wit, Cucchiara claims that he wrote "several times about the [ ] incident" to the Superintendent and did not receive a response.  Dkt. No. 36. Cucchiara also maintains that he wrote "a dozen times" to the Inspector General and "on several occasions" to "Albany."  Id.

As an initial matter, the undersigned notes that "[a] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony."  Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997).

Here, with regard to plaintiff's alleged letters, even assuming Cucchiara wrote to the Inspector General and "Albany," it is well-settled in this Circuit that a plaintiff's letters to prison officials or other officials outside the grievance chain of command are insufficient to properly exhaust administrative remedies.  See Geer v. Chapman, No. 9:15-CV-952

11

(GLS/ATB), 2016 WL 6091699, at *5 (N.D.N.Y. Sept. 26, 2016), report and recommendation adopted, 2016 WL 6090874 (N.D.N.Y. Oct. 18, 2016) (citing Macias v. Zenk, 495 F.3d 37, 44-45 (2d Cir. 2007) ("It is well-settled that writing letters to prison officials, or other officials, is insufficient to properly exhaust administrative remedies.")). Thus, to the extent that Cucchiara did send letters[10], these letters are insufficient to constitute proper exhaustion.

With respect to letters plaintiff alleges that he sent to the Superintendent, construing his submission liberally, Cucchiara argues that he exhausted the remedies available to him related to excessive force because he utilized the expedited administrative process.

Where the grievance involves allegations of employee excessive force, as alleged by Cucchiara, there is an expedited administrative process. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.8; see Torres v. Carry, 691 F. Supp. 2d 366, 369-70 (S.D.N.Y. 2009). Complaints and grievances of this nature are forwarded directly to the superintendent of the facility. See Bell v. Napoli, No. 9:17-CV-850 (ATB), 2018 WL 6506072, at *2 (N.D.N.Y. Dec. 11, 2018). In such cases the superintendent is required to order an investigation and render a decision within twenty-five (25) days. N.Y.C.R.R., title 7, § 701(a)-(f). If the superintendent fails to respond within the required twenty-five (25) time limit the inmate may appeal his grievance to the CORC. Disagreement with the superintendent's decision in the expedited review process also requires an appeal to the CORC. See id. § 701.8(g)-(h); see also Espinal v. Goord, 588 F.3d 119,125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and its appeal mechanism through the CORC). The

---

[10]    Cucchiara has not proffered evidence of such letters.

Second Circuit has long recognized this procedure as an "available remedy" for purposes of the PLRA.  See Hall v. Cnty. of Saratoga, No. 10-CV-1120 (NAM/CFH), 2013 WL 838284, at *1-2 (N.D.N.Y. Mar. 6, 2013).

Cucchiara did not provide any evidence of a complaint, grievance, or any subsequent appeal.[11]  Even assuming that Cucchiara forwarded letters to the Superintendent and that the letters were received, as discussed supra, DOCCS records do not show any grievances that were appealed regarding an excessive force incident.  See Dkt. No. 34-5. Cucchiara testified that he did not appeal to CORC because he "didn't even know [CORC] existed."  Dkt. No. 34-3 at 86.  To the extent that Cucchiara contends that he was unaware of the grievance procedures, a plaintiff's "failure to exhaust his remedies cannot be excused merely because he did not know there were any other steps in the grievance procedure."  Cobbs v. Lamare, No. 9:14-CV-96 (MAD/TWD), 2015 WL 2452323, at *6 (N.D.N.Y. May 21, 2015) (citation and internal quotation marks omitted).  Accordingly, plaintiff's letters do not constitute proper exhaustion.

Furthermore, insofar as Cucchiara argues that he sufficiently exhausted his administrative remedies because he verbally complained to several officials, "[t]he law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA."  Timmons v. Schriro, No. 14-CV-6606, 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) (citation omitted). Additionally, here, where Cucchiara's litigation history indicates that he was fully aware that verbal complaints do not excuse an inmate from pursuing the grievance procedure, such a

---

[11]        See Footnote 8, supra.

13

claim is not reasonable.  During the deposition, Cucchiara testified that he previously commenced a civil action in the Southern District alleging violations of his constitutional rights while he was in the custody of the New York City Department of Corrections.  Dkt. No. 34-3 at 8, 31; see Cucchiara v. Hollingsworth, et. al., No. 15-CV-314, 2016 WL 6068193 (S.D.N.Y. Oct. 14, 2016).  In that action, Cucchiara claimed that his "grievances and complaints to 'capt[a]ins and staff' were 'ignored.'"  Id. at *7.  In a 2016 Decision and Order on the defendants' motion for summary judgment on the issue of exhaustion, the Court dismissed the claims against certain defendants explaining that Cucchiara's verbal complaints, "do[ ] not excuse his failure to pursue all four steps of the IGRP — he was still required to timely request a formal hearing before the IGRC, to appeal to the commanding officer, and ultimately, to the CORC."  Id. (citation omitted).

Because Cucchiara's letters and verbal complaints, outside of the grievance process, are insufficient to exhaust his administrative remedies, there is no genuine dispute that Cucchiara failed to exhaust administrative remedies related to the 2017 use of force incident.

### 2.  Availability of Administrative Remedies

Construing the Complaint liberally, Cucchiara urges the Court to excuse his failure to exhaust because he feared retaliation.[12]  Compl. at 7-8.  Specific threats of retaliation or intimidation by prison employees can render administrative remedies unavailable.  See Ross, 136 S. Ct. at 1860 & n.3.  However, a generalized fear of retaliation is insufficient to

---

[12]    In the Complaint, as a "reason[ ] why [he] did not file a grievance," Cucchiara stated, "I was left susceptible [sic] attack through practical magic with the lack of my amulet."  Compl. at 7.

overcome a failure to exhaust administrative remedies.  See Salmon v. Bellinger, No. 9:14-CV-0827 (LEK/DJS), 2016 WL 4411338, at *5 (N.D.N.Y. July 5, 2016).

Here, Cucchiara testified that, on two prior occasions, when he filed grievances, "they almost got [him] killed."  Dkt. No. 34-3 at 85.  Cucchiara claims that corrections officers ordered other inmates to beat him, denied him medical treatment, and stole his property. Compl. at 7-8.  Cucchiara does not state how any specific threat impacted his ability to exhaust administrative remedies related to the events that occurred on February 26, 2017. On review of the record, the undersigned concludes that much of Cucchiara's fear is generalized.  Indeed, Cucchiara offers no evidence establishing that he was threatened by any officers after the February 26, 2017 incident.  See Salmon, 2016 WL 4411338, at *5 (stating there must be affirmative actions or specific instances of physical assault or threats of retaliation for plaintiff to show unavailability of the grievance process); Harrison v. Stallone, No. 9:06-CV-902(LEK/GJD), 2007 WL 2789473, at *5 (N.D.N.Y. Sept. 24, 2007) ("It has been held that a 'general fear' of retaliation is not sufficient to excuse the exhaustion requirement . . . If an inmate could simply state that he feared retaliation, there would no point in having a grievance procedure.") (citations omitted) (emphasis omitted). Moreover, insofar as Cucchiara suggests that he feared physical retaliation if he were to file a grievance, such a claim is further countered by the fact that the Complaint fails to mention any fear of retaliation.

In sum, because Cucchiara fails to plausibly present questions of fact regarding his failure to exhaust his remedies, it is recommended that Defendant's motion for summary judgment be granted.

### III.  Conclusion

**WHEREFORE**, based on the findings set forth above, it is hereby:

**RECOMMENDED**, that Defendant's motion for summary judgment (Dkt. No. 34) be:

**GRANTED**; and it is further

**RECOMMENDED**, that the Complaint be **DISMISSED without prejudice**; and it is

further

**ORDERED**, that copies of this Report-Recommendation and Order be served on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen

days within which to file written objections to the foregoing report.  Such objections shall be

filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[13]

Dated: April 26, 2019
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[13] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).